UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BUFFALO FUEL CORP.,

                Plaintiffs,
v.                                                   **DECISION AND ORDER**
                                                                    06-CV-335S

D&B CONSULTANTS, INC. and
D&B CONSULTANTS, LLC,
*Individually and d/b/a*
*Service Consulting Assoc.*,

                Defendants.

    1.    On March 9, 2007, Plaintiff filed a Motion for Default Judgment against Defendants. For the reasons discussed below, this Court will grant Plaintiffs' motion in part and deny it in part. Default judgment will be entered against Defendants in the amount of $158,351.22.

    2.    This is a diversity action under 28 U.S.C. § 1332. Plaintiff filed its Complaint in this action on May 23, 2006. Therein, Plaintiff alleges that Defendants contracted with Rochester Gas and Electric Corporation to perform certain construction and renovation work at the East Station MGP Site, 86 Smith Street, Rochester, NY ("the RG&E Job"). (Complaint, Docket No. 1, ¶ 7.) Between April 12 and May 19, 2005, Plaintiff and Defendants agreed that Plaintiff would supply labor and materials necessary to remove coal tar, soil, and related materials excavated from the RG&E Job in exchange for payment of $222,351.22 by Defendants. (Complaint, ¶ 9.) Plaintiff performed the agreed-upon work, but Defendants did not remit the entire payment. (Complaint, ¶ 10.) Plaintiff maintains that Defendants have a balance due of $158,351.22 plus interest since May 19, 2005. (Complaint, ¶ 10.)

3.   Plaintiff alleges that the work, labor, and services it performed on the RG&E Job improved the real property, and therefore moneys derived from the work on the site constitute trust funds under New York Lien Law § 70. (Complaint, ¶ 11.) Plaintiff alleges that Defendants have been paid at least $225,000 as a contractor on the RG&E Job, and are required by statute to expend those funds, which qualify as Lien Law trust funds, for the costs of the improvements to the site. (Complaint, ¶ 12.) Instead of doing so, Defendants diverted those assets to themselves, rather than pay Plaintiff and others similarly situated. (Complaint, ¶ 13.)

4.   On its first cause of action — moneys due and owing — Plaintiff seeks default judgment of $158,351.22 and the issuance of an order directing Defendants to comply with applicable provisions of the New York Lien Law. Plaintiff seeks the same relief on its second cause of action, which is presumably for "breach of trust or participation therein" under New York Lien Law § 77(3)(a)(i).

5.   Before obtaining default judgment, a party must secure a Clerk's Entry of Default by demonstrating, through affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55(a). Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Fed. R. Civ. P. 8(d). Damages, however, must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.

1981).  Before entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.

6.  The Clerk of the Court entered default against Defendants on January 29, 2007.  (Clerk's Entry of Default, Docket No. 8.)  As such, this Court views the factual allegations in the Complaint that establish Defendants' liability as true. Specifically, Plaintiff contracted with Defendants to provide certain services in exchange for $222,351.22. (Complaint, ¶ 9.)  Defendant did not remit full payment at the conclusion of the work. (Complaint, ¶ 10.)  Consequently, $158,351.22 is now due and owing.  (Complaint, ¶¶ 10, 20, 21.)  Accordingly, this Court finds that Plaintiff is entitled to default judgment in the amount claimed based on Defendants' failure to pay the amount due and owing and their violations of NY Lien Law.  See New York Lien Law, § 70 et seq.

7.  But this Court cannot so find on Plaintiff's second cause of action, which appears to seek an equal amount of $158,351.22 on behalf of itself and others similarly situated for Defendants' alleged breach of trust or participation therein. (Complaint, ¶¶ 22-24; Wherefore Clause, ¶¶ 5-7.)  In this Court's view, there is insufficient information to support default judgment on this claim.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Default Judgment (Docket No. 10) is GRANTED in part and DENIED in part consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to enter Judgment against Defendants in Plaintiff's favor in the amount of $158,351.22, together with interest from

May 19, 2005, to be paid by Defendants jointly and severally, for the amount due and owing.

FURTHER, that pursuant to New York Lien Law § 77(3)(a)(i), Defendants are compelled to provide a final accounting of all assets of the trust.

FURTHER, that pursuant to New York Lien Law § 77(3)(a)(i), Defendants are compelled to identify and recover trust assets in the hands of any person together with interest accrued thereon from the time of the diversion, with interest to be computed as provided in New York Lien Law § 77(3)(a)(i).

FURTHER, that pursuant to New York Lien Law § 77(3)(a)(i), Defendants are compelled to set aside as a diversion any unauthorized payment, assignment, or other transfer from the trust, whether voluntary or involuntary.

FURTHER, that the Clerk of the Court is directed to send a copy of this Decision and Order to Defendants as follows:

> D&B Consultants LLC  
> 12 Crestview Lane  
> Sparta, NJ 07871
>
> D&B Consultants, Inc.  
> 12 Crestview Lane  
> Sparta, NJ 07871

FURTHER, that the Clerk of the Court is directed to enter judgment consistent with this Decision and Order and then close this case.

SO ORDERED.

Dated:   March 31, 2008  
         Buffalo, New York

/s/William M.Skretny  
WILLIAM M. SKRETNY  
United States District Judge